Argued and submitted April 21, affirmed June 18, reconsideration denied August 1, petition for review denied September 23, 1986 (302 Or 35)

# STROMME et al,
*Respondents,*

*v.*

# NASBURG AND COMPANY,
*Appellant.*

(84-2623; CA A36028)

721 P2d 847

Kent W. Day, Coos Bay, argued the cause for appellant. With him on the briefs were Orrin R. Ormsbee and Ormsbee & Corrigall, Coos Bay.

Roger Gould, Coos Bay, argued the cause for respondents. With him on the brief was Bedingfield, Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant, plaintiffs' insurance broker, appeals from a judgment awarding damages to plaintiffs for liability which they incurred which was not covered by the errors and omissions policy that defendant procured for them. Unlike earlier policies defendant had obtained as plaintiffs' agent, the policy did not apply to events that predated its effective date. Plaintiffs alleged that defendant's failure to obtain retroactive coverage was negligent and was a breach of an implied contract. The negligence count was stricken on the ground that it was barred by the two-year limitation period of ORS 12.110. The case was then tried to the court, which ruled in favor of plaintiffs on their contract claim.

Before the trial, defendant moved for summary judgment on two grounds: that the action was barred by *res judicata* and that the implied contract claim simply replicated the general negligence standard of care and was therefore also barred by the two-year Statute of Limitations. *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980). Inexplicably, the trial court announced before the trial that it would defer decision of the summary judgment motion until after the case was tried. After the trial, the court denied the motion for summary judgment and entered judgment for plaintiffs. It is not clear from either the court's letter opinion or from the judgment whether and to what extent the summary judgment record, the trial evidence and perceived questions of law played roles in the decision.

Defendant's first two assignments are that the court erred by denying the motion for summary judgment on the *res judicata* and Statute of Limitations theories, respectively. Although plaintiffs do not raise the question, the threshold inquiry is whether those assignments are reviewable. We held in *Mt. Fir Lumber Company v. Temple Dist. Co.,* 70 Or App 192, 688 P2d 1378 (1984), that the denial of a motion for summary judgment is *never* reviewable in an appeal from a judgment entered after there has been a plenary trial. In *Payless Drug Stores v. Brown,* 300 Or 243, 708 P2d 1143 (1985), the Supreme Court modified our *Mt. Fir* holding. It explained:

> "Beyond the 'preservation principle,' the Court of Appeals in *Mt. Fir Lumber Company v. Temple Dist. Co., supra,*

quoted other opinions to the effect that refusing to review a denial of summary judgment may be unfair to a party whose motion should have been granted, but that it would be more unjust to set aside a jury verdict supported by substantial evidence rendered after a full trial because the trial court should have given the opposing party summary judgment on less evidence. 70 Or App at 196, quoting from *All-States Leasing v. Pacific Empire Land Corp.,* 31 Or App 733, 737, 571 P2d 192 (1977). This view makes sense when the decision of a case hinges on facts that are presented for determination in a trial after denial of summary judgment. An assertion that a plaintiff has not pleaded a claim on which relief may be granted should properly be raised by a motion to dismiss, ORCP 21A., or for judgment on the pleadings, ORCP 21B., rather than by a motion for summary judgment. The proper basis of a motion for summary judgment is that there is no disputed issue of material fact. ORCP 47C. If the trial court is in doubt on that score before the trial, there are new occasions for persuading the court when the evidence is in.

"The argument for demanding a second, post-trial motion is weaker when a party moving for summary judgment claims that it must win under the law no matter what the facts may show * * *." 300 Or at 246.

The court went on to hold that the appellate courts may conduct post-trial review of denials of summary judgment motions which raise pure legal issues or, apparently, issues which do not turn on *proof* of facts.

It is clear, under *Payless* and *Mt. Fir,* that defendant's first assignment is not reviewable. The defense of *res judicata* requires an evidentiary showing. *See Troutman v. Erlandson,* 287 Or 187, 196-97, 598 P2d 1211 (1979). Whether defendant's second assignment is reviewable is more problematical. In *Securities-Intermountain v. Sunset Fuel, supra,* the court articulated criteria for determining whether the two-year tort Statute of Limitations, ORS 12.110, or the six-year contract statute, ORS 12.080, applies "when an action for damages against one engaged to provide professional or other independent services is commenced after two years and is pleaded as a breach of contract." 289 Or at 259. The court said:

"* * * If the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this

noncontractual duty, then ORS 12.110 applies. Conversely, the parties may have spelled out the performance expected by the plaintiff and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard. Such a defendant would be liable on the contract whether he was negligent or not, and regardless of facts that might excuse him from tort liability. Or the nature either of the defendant's default or of the plaintiff's loss may be of a kind that would not give rise to liability apart from the terms of their agreement. In such cases, there is no reason why an action upon the contract may not be commenced for the six years allowed by ORS 12.080. Again, the scope of the damages demanded may characterize a complaint as founded in tort rather than in contract. But if the complaint nonetheless alleges the necessary elements of an action for breach of contract, including the alleged injury, nothing in the statutes prevents proceeding on that theory and limiting the damages accordingly." 289 Or at 259-60. (Citations and footnote omitted.)

Defendant's argument is that the implied contract alleged by plaintiffs simply incorporates the general standard of care that would apply to defendant's services independently of the contract. The question is whether that argument can be resolved as a matter of law or whether it entails matters of proof. In *Securities-Intermountain,* the trial court had granted summary judgment for the defendants on their Statute of Limitations defense. The Supreme Court reversed, basing its holding on its examination of the complaint and its conclusion that a contract cause of action was stated. In other words, the reviewing court treated the summary judgment as if it were the equivalent of a motion to dismiss for failure to state a claim or at least a contract claim. *See also Jaquith v. Ferris,* 64 Or App 508, 669 P2d 334 (1983), *aff'd* 297 Or 783, 687 P2d 1083 (1984). In *Erickson Hardwood Co. v. North Pacific Lumber,* 70 Or App 557, 690 P2d 1071 (1984), *rev den* 298 Or 705 (1985), we again looked only to the pleading to determine whether a complaint purporting to state a contract claim was barred by the tort Statute of Limitations. Although there had been a trial and a judgment for the plaintiff in *Erickson,* we were called upon to decide whether the action sounded in contract or tort by the defendant's assignment that the trial court had erred by not dismissing the complaint as time-barred.

The fact that those cases decided the issue solely on the basis of the pleadings is attributable to the procedural

posture in which they reached the courts or the arguments that the parties made; it does not mean that there can *never* be an evidentiary component to the determination of whether an action is subject to the contract or tort Statute of Limitations. It is self-evident both that questions about the standard of care and questions about whether a contract exists and what its terms are *can* involve proof of facts. Equally apparently, those facts can be determinative of whether the alleged contract differs in any respect from the standard of care that would apply to the breaching party in the absence of a contract.

In this case, plaintiffs alleged that an *implied* contract arose from a course of conduct over an eight-year period, whereby defendant agreed to obtain *a particular kind* of insurance for plaintiff. *See Hamacher v. Tumy et al,* 222 Or 341, 352 P2d 493 (1960). If the pleadings alone could ever be dispositive of whether an alleged contract of that kind simply duplicates a general standard of care, they are not conclusive here. Plaintiffs' negligence allegations were stricken; they had no burden to prove a standard of care. Defendant pleaded the Statute of Limitations as an affirmative defense; it was defendant's burden to substantiate that defense by proving that the alleged contract added nothing to the general duty that defendant would have had if there had been no contract.

Because defendant's Statute of Limitations defense required an evidentiary showing at the trial, *Payless Drug Stores v. Brown, supra,* and *Mt. Fir Lumber Company v. Temple Dist. Co., supra,* preclude our review of the assignment challenging the trial court's denial of summary judgment on the defense. We cannot say that the judgment for plaintiffs, as distinct from the ruling on defendant's motion, was not based at least in part on the trial court's assessment of the evidence at trial pertaining to the contract and to the affirmative defenses. The principal rationale for our decision in *Mt. Fir* was that a finding supported by the evidence at trial should not be reversible on the basis of the absence of evidentiary support for it before the trial took place.[1] This case fits within

---

[1] It is arguable that there is no such thing as a summary judgment, or the denial of one, after a trial has taken place. Given that arguable proposition, we have considered whether to treat defendant's motion as being something other than what it was, *e.g.,* a motion for judgment or dismissal. However, defendant would not be aided by our so

that rationale.

■     Defendant's final assignment is that the trial court erred by awarding prejudgment interest, dating from the adjudication giving rise to plaintiffs' uninsured liability. Defendant argues that prejudgment interest should not be recoverable in an action for the breach of an implied contract but should be limited to cases involving express contracts. We can perceive no logical basis for such a distinction.

Defendant also argues:

"[Earlier] cases deal with situations where moneys 'have become due' under a contract and the parties have not agreed to an interest rate. See ORS 82.010(2)(a).

"Monies did not become due to the Plaintiffs in the instant case until the date of the judgment and therefore, that is when interest would begin to accrue. Pre-judgment interest in this case would incorrectly extend the limitations originally set down in *Public Market Co. v. Portland,* 171 Or 522, 625, 130 P.2d 624, 138 P.2d 916 (1943)."

Defendant's point, as we understand it, is incorrect. By definition, the recoverability of prejudgment interest does not hinge on the date when the judgment was entered in the action between plaintiffs and defendant. It turns on whether certain factors were present at a specific time *before* the judgment was entered. Defendant does not identify which of those factors might have been missing at the time plaintiffs incurred liability, and none of them was. *See Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or App 282, 292-93, 709 P2d 1103 (1985), *rev allowed* 301 Or 76, and cases there cited.

Affirmed.[2]

---

treating the motion. As we have noted, it cannot be decided from the pleadings, as a matter of law, that defendant should prevail on its defenses. The only other basis on which a post-trial motion for judgment or dismissal could avail defendant is if the evidence *compelled* a finding in its favor on the defense. Defendant has made no assignment of error based on evidentiary sufficiency. *See Falk v. Amsberry,* 290 Or 839, 626 P2d 362 (1981).

[2] Plaintiffs filed a notice of cross-appeal from the striking of their negligence count. In their brief, they assign error to that ruling, but state:

"Since Plaintiffs have properly raised grounds for affirmance in their brief, they may now assign error without the necessity of filing a cross-appeal. Plaintiffs' cross-appeal is therefore abandoned. *Bakker* [*v. Baza'r*], *Inc.,* 275 Or 245, 248 n. 2, 551 P2d 1269 (1976)."

We question plaintiffs' understanding of the *Bakker* footnote. The fact that plaintiffs are not contending that the judgment on the *contract* count is in error does not mean that they are attempting to sustain the trial court's dismissal of the *negligence* count. *See Artman v. Ray,* 263 Or 529, 533-34, 501 P2d 63, 502 P2d 1376 (1972). In any event, we understand that the damages plaintiffs sought in the negligence count are wholly subsumed in their damages for breach of contract. Therefore, our disposition of the appeal renders moot plaintiffs' assignment of error challenging the striking of their negligence allegations, to whatever extent that assignment is viable in the light of the abandonment of the cross-appeal.