Argued and submitted May 9, 1986, in Pendleton, Oregon, affirmed
September 10, 1986

# BRUCE,
*Appellant,*

*v.*

# S. M. MOTOR CO., INC.,
*Respondent.*

## (9432; CA A36516)

724 P2d 911

Milo Pope, Mt. Vernon, argued the cause for appellant. With him on the brief was Kilpatricks & Pope, Mt. Vernon.

David B. Hydes, John Day, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Rossman and Deits, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this civil case, plaintiff appeals from a final order allowing defendant's objection to plaintiff's claim for attorney fees as part of his costs. Judgment for plaintiff had been entered after the jury found that defendant employer terminated plaintiff's employment in violation of a written employment contract. We affirm.

The facts are not in dispute. Defendant hired plaintiff at a specified monthly rate of compensation for a six-month term. The contract contains no provision for attorney fees. After three months, defendant terminated plaintiff's employment. The jury found that defendant had breached the contract and determined plaintiff's damages on the basis of the compensation he would have received if he had continued working for the remainder of the six-month term, less the unemployment benefits he received during that time. Judgment was entered on the verdict.

Plaintiff included a claim for attorney fees in his statement of costs and disbursements, citing ORS 652.200(2). Defendant objected to the claim. The trial court denied attorney fees on the ground that "wages," as that term is used in ORS 652.200(2), means compensation due for work actually performed.

ORS 652.200(2) provides:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting said action, unless it appears that the employe has wilfully violated the contract of employment."

Plaintiff argues that this is an action for the collection of wages. We disagree. Plaintiff did not seek wages for services rendered. *See State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 136, 432 P2d 512 (1967); *Kantor v. Boise Cascade Corp.,* 75 Or App 698, 709, 708 P2d 356 (1985), *rev den* 300 Or 506 (1986). He sought damages for breach of an employment contract. Although his damages were measured by the sum he

would have received had defendant not terminated his employment, that does not convert that sum into wages.[1] Plaintiff's claim was for payment agreed to but not made. He did not recover "wages," but rather damages caused by defendant's breach of the employment contract. The legislature did not provide for recovery of attorney fees for breach of an employment contract such as this.[2]

Affirmed.

---

[1] We need not decide the correctness of that measure of damages.

[2] The Ninth Circuit Court of Appeals has come to the same result, applying Arizona law. *Nieto-Santos v. Fletcher Farms,* 743 F2d 638 (9th Cir 1984).