Argued and submitted June 8, affirmed on appeal and on cross-appeal November 7, 1990, reconsideration denied February 6, petition for review allowed March 19, 1991
(311 Or 222)

Abe F. and Saundra A. DEJONGE,
dba Midway Grocery,
*Appellants - Cross-Respondents,*

*v.*

MUTUAL OF ENUMCLAW,
*Respondent - Cross-Appellant,*

KEESECKER INSURANCE,
*Defendant.*

(86-0829; CA A61480)

800 P2d 313

Margaret H. Leek Lieberan, Portland, argued the cause and filed the briefs for appellants - cross-respondents.

Lynn E. Ashcroft, Salem, argued the cause for respondent - cross-appellant. On the brief were Sam F. Speerstra and Rhoten, Speerstra, Rinehart & Ashcroft, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

This is a declaratory judgment action in which plaintiffs seek a determination that Mutual of Enumclaw (Mutual) is estopped to deny insurance coverage on a civil claim in which it was asserted that plaintiffs had negligently sold alcoholic beverages to a minor.[1] A jury returned a verdict for plaintiffs. The trial court granted defendant's motion for judgment notwithstanding the verdict. Plaintiffs appeal from that judgment. We affirm.

Plaintiffs purchased a small grocery store in 1980. The previous owners had obtained their insurance from Keesecker, an independent insurance agent. Plaintiffs initially assumed the policy that the previous owners had obtained for the store, which excluded coverage for sale of alcohol. When plaintiffs contacted Keesecker about a new policy, they indicated that they wanted full coverage, but a less expensive policy. Neither plaintiffs nor Keesecker discussed the need for coverage for sale of alcohol. Keesecker eventually presented plaintiffs with a policy from Mutual, which they accepted.

On July 29, 1983, a minor purchased alcoholic beverages from plaintiffs' store and was later involved in an accident in which another person was killed. The decedent's estate filed a wrongful death action against the minor and eventually joined plaintiffs as defendants in that action. Until the claim was made against them, plaintiffs did not know that the policy excluded coverage for liability arising from the sale of alcohol.[2] A judgment of $675,000 was entered against plaintiffs in the wrongful death case.[3]

Plaintiffs contend that the trial court erred when it denied their motion for summary judgment and granted

---

[1] In the same complaint, plaintiffs also brought an action against defendant Keesecker Insurance, alleging negligent failure to procure adequate insurance. The trial court granted Keesecker Insurance's motion for summary judgment in that action, and we affirmed on the basis that the action was barred by the Statute of Limitations. *DeJonge v. Mutual of Enumclaw,* 90 Or App 533, 752 P2d 1277, *rev den* 306 Or 155 (1988).

[2] The policy consists of 36 pages. The provision on which Mutual relies to deny coverage for the sale of alcohol is contained on page 28 of the policy.

[3] Saundra DeJonge was eventually released from liability.

defendant's motion for judgment notwithstanding the verdict.[4]

In a case that has gone to trial, the pre-trial denial of a motion for summary judgment is not reviewable on appeal, unless the motion raised purely legal issues and the moving party did not have to establish any "adjudicative facts" to prevail on the motion. *Payless Drug Stores v. Brown,* 300 Or 243, 708 P2d 1143 (1985); *Stromme v. Nasburg and Co.,* 80 Or App 26, 721 P2d 847, *rev den* 302 Or 35 (1986). Plaintiffs' motion for summary judgment was premised on the argument that, when Mutual failed to reply timely to plaintiffs' requests for admissions, the facts in the request were admitted; those admissions established all of the facts for plaintiffs' estoppel claim and, therefore, plaintiffs were entitled to summary judgment.[5] The facts that plaintiffs sought to establish by the request for admissions were the adjudicative facts necessary to prove their claim and to prevail on their motion. Because plaintiffs had to establish adjudicative facts to prevail, the denial of their motion for summary judgment is not reviewable on appeal after a trial. *See Payless Drug Stores v. Brown, supra; Stromme v. Nasburg and Co., supra.*

Plaintiffs argue that there was evidence to support each element of their estoppel claim and that the verdict in their favor must be reinstated. We review the evidence in the light most favorable to plaintiffs, because they prevailed before the jury. *Audas v. Montgomery Ward, Inc.,* 79 Or App 718, 720, 719 P2d 1334 (1986).

Plaintiffs' claim of estoppel requires proof of

"(1) a false representation, (2) made with knowledge of the facts, and (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it." *Hess v. Seeger,* 55 Or App 746, 760, 641 P2d 23, *rev den* 293 Or 103 (1982).

We address only the question of whether there was a false

---

[4] Because of our disposition of the case, it is not necessary for us to consider plaintiffs' third assignment of error.

[5] Plaintiffs argue that the trial court erred in allowing Mutual additional time in which to respond to the requests for admissions. The extension of time is not assigned as error.

representation by Mutual. Plaintiffs contend that because Keesecker, as Mutual's agent, knew that plaintiffs were selling alcoholic beverages in their store, Mutual's act of issuing the policy without further explanation to plaintiffs that liquor liability was excluded from coverage constituted a false representation. We disagree.

■     All that Keesecker did, as an agent for Mutual, was to take an order for insurance.[6] Liability for the negligent sale of alcohol is a risk for which a commercial establishment, such as a grocery, would likely want to be insured. However, an insurance customer has the responsibility to make specific insurance needs known to the insurance company. *See, e.g., Nowell v. Dawn-Leavitt Agency, Inc.,* 127 Ariz 48, 51-53, 617 P2d 1164 (Ariz App 1980); *Manzer v. Pentico,* 209 Neb 364, 366, 307 NW2d 812 (1981); *Hill v. Grandey,* 132 Vt 460, 468-69, 321 A2d 28 (1974); *American States Ins. Co. v. Breesnee,* 49 Wash App 642, 648-50, 745 P2d 518 (1987).[7] Plaintiffs expressed no specific need for liquor liability coverage, only a request for "full coverage." The act of presenting a policy in response to a request for full coverage is not tantamount to a representation that the exclusions expressed in the written policy do not apply. Mutual did not make a false representation to plaintiffs. The trial court was correct in granting its motion for judgment notwithstanding the verdict.

Mutual cross-appeals, arguing that the trial court improperly denied its motion for summary judgment. Because we affirm the judgment for Mutual on the appeal, we affirm on the cross-appeal without discussion.

Affirmed on appeal and on cross-appeal.

---

[6] We express no opinion about whether Keesecker was Mutual's agent under ORS 744.165 when plaintiffs requested full coverage. For purposes of this anaylsis, we assume that Keesecker was acting as Mutual's agent.

[7] All of the cited cases hold that an insurance customer has a responsibility to make his insurance needs known to an insurance agent in an action against the agent for failure to procure insurance. However, because the insurer usually obtains information on which it bases the insurance contract from the agent, it follows that the insurance customer has a responsibility to make his or her insurance needs known to the insurance company, either directly or through its agent. In *Breesnee,* a case in which an estoppel claim against two insurers was rejected, the court makes the point clearly that the customers "had the duty of clearly instructing" the agent for the companies about their insurance needs. 49 Wash App at 649.