Argued and submitted July 23, affirmed on appeal; on cross-appeal, reversed and remanded as to denial of attorney fees and otherwise affirmed; cross-appellant's motion for sanctions denied November 28, 1990

### Ray L. HEIDTKE,
*Respondent - Cross-Appellant,*

*v.*

### INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, Ironship Builders, Blacksmiths, Forgers & Helpers, Local 72, individually and consolidated,
*Appellant - Cross-Respondent.*

(16-87-06124; CA A50923)

801 P2d 899

Gregory A. Hartman, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Steve A. J. Bukaty, Kansas City, Kansas, Kathryn T. Whalen, Portland, and Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Martha C. Evans, Eugene, argued the cause for respondent - cross-appellant. With her on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Plaintiff, former business manager of Boilermakers Local Lodge 401 (Boilermakers Local 401), brought this claim for unpaid wages against defendant Boilermakers Local 72. The trial court granted plaintiff's motion for partial summary judgment as to liability and denied defendant's cross-motion for summary judgment. After trial on the issue of damages, the trial court entered judgment for plaintiff.

In 1981, plaintiff was elected to a three-year term as business manager for Boilermakers Local 401, an affiliate of the International Brotherhood of Boilermakers, Ironship Builders, Blacksmiths, Forgers & Helpers (the International). In 1983, the International consolidated Boilermakers Local 401 into defendant, because Boilermakers Local 401 was in financial trouble. Plaintiff's employment was later terminated. The day before the consolidation became effective, plaintiff sent a letter to the International's president, claiming that he was due unpaid wages, but his claim was denied. Plaintiff then filed his claim against defendant, alleging that it is the successor in interest to Boilermakers Local 401 and, as such, is liable for his unpaid wages.

Defendant's first two assignments of error challenge the trial court's denial of its motion for summary judgment. Although plaintiff does not raise the issue, the threshold inquiry is whether those assignments are reviewable. Generally, we will not review the denial of a motion for summary judgment after there has been a trial on the merits. *Mt. Fir Lumber Co. v. Temple Dist. Co.*, 70 Or App 192, 198, 688 P2d 1378 (1984). However, the denial of a summary judgment is reviewable if the motion presents a purely legal issue. *Payless Drug Stores v. Brown,* 300 Or 243, 247-48, 708 P2d 1143 (1985). The question is whether defendant's arguments can be resolved as a matter of law or whether they entail matters of proof. *Stromme v. Nasburg and Co.,* 80 Or App 26, 30, 721 P2d 847, *rev den* 302 Or 35 (1986).

Defendant's first assignment is that plaintiff's failure to appeal the president's denial of his wage claim to the International Executive Council constitutes a failure to exhaust internal union remedies and bars him from seeking relief in court. This affirmative defense would require defendant to introduce evidence that the events in question concerned

internal union matters, that plaintiff had internal union remedies and that plaintiff was required to pursue such remedies before seeking redress in court. It depends on matters of proof and is therefore not reviewable.

■　Defendant's second assignment is that it was not plaintiff's "employer" under ORS 652.140(1)[1] and, therefore, that plaintiff did not have a cognizable claim under that statute. Plaintiff's complaint alleged that defendant was the successor in interest to Boilermakers Local 401 and that the assets and liabilities of Boilermakers Local 401 were transferred to defendant by the International. Defendant argues that it was not the successor to Boilermakers Local 401, because it did not agree to pay the debts incurred by Boilermakers Local 401 and did not make any independent promises to pay plaintiff for wages. Because those issues would also require an evidentiary showing, they are not reviewable. We cannot decide either of defendant's first two assignments of error.

■　Defendant also argues that the trial court erred in failing to state findings of fact, conclusions of law or any explanation for its order granting plaintiff's partial motion for summary judgment and denying defendant's motion for summary judgment. Defendant relies on *Wood v. Ford Motor Co.,* 71 Or App 87, 90 n 2, 691 P2d 495 (1984), *rev den* 298 Or 773 (1985), in which the court stated that a "trial court granting a motion for summary judgment *should* state its reasons on the record, either orally or in writing." (Emphasis supplied.) Although desirable, a statement of reasons for granting or denying a motion for summary judgment is not mandatory, and we will generally not reverse a judgment on that ground.

■　Plaintiff cross-appeals, assigning as error the trial court's failure to award attorney fees[2] and its failure to award plaintiff lost wages and benefits from the date of the consolidation until the end of his term. Plaintiff contends that the

---

[1] ORS 652.140(1) provides, in part:

"Whenever an employer discharges an employee, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."

[2] Because we resolve the first assignment of error in plaintiff's favor, we do not reach plaintiff's second assignment, regarding the amendment of the complaint.

court was required to award attorney fees under ORS 652.200(2). The parties disagree as to whether plaintiff's claim is a statutory wage claim under ORS 652.140 or is based on a breach of an employment contract. If plaintiff's claim was based on ORS 652.140, an award of attorney fees was mandatory under ORS 652.200(2).[3] If not, attorney fees are not recoverable, unless the employment contract provided for fees. *Bruce v. S.M. Motor Co.,* 81 Or App 227, 724 P2d 911 (1986).

Plaintiff's complaint refers to a "wage claim," and the language in the complaint is consistent with that characterization. In addition, both parties treated the claim as a wage claim in their summary judgment motions and in defendant's ORCP Rule 21 motion. Moreover, after the trial on the issue of damages, plaintiff included a motion in his closing argument to allow amendment of his complaint to include a breach of contract claim. We conclude that plaintiff's claim is under ORS 652.140.

Defendant asserts that the court did not err in failing to award attorney fees, because plaintiff did not cite the statutory basis for fees. The trial court may have relied on *Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987), which held that a prevailing party is not entitled to attorney fees, unless the statutory basis for fees is expressly alleged. However, subsequent to the judgment here, we overruled that decision in *Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596, *appeal dismissed* 308 Or 184 (1989). In *Attaway,* we held that it is "sufficient under ORCP 68C(2) to assert 'the facts' which provide the basis for the award of attorney fees." 95 Or App at 485. Thus, we must consider whether the parties were alerted to the fact that attorney fees would be sought and whether any prejudice would result from the purported defect in the pleading. *McCulloch and McCulloch,* 99 Or App 249, 781 P2d 1240 (1989).

---

[3] ORS 652.200(2) provides:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, *the court shall upon entering judgment for the plaintiff, include in such judgment,* in addition to the costs and disbursements otherwise prescribed by statute, *a reasonable sum for attorney fees at trial* and on appeal for prosecuting said action, unless it appears that the employee has wilfully violated the contract of employment." (Emphasis supplied.)

Plaintiff alleged his employment, his entitlement to wages, defendant's failure to pay and his entitlement to attorney fees. Although the attorney fees statute was not identified by citation, defendant was alerted to the fact that fees would be sought. Both parties argued the issue of plaintiff's entitlement to fees on their motions for summary judgment. We conclude that plaintiff adequately alleged facts that would provide a basis for the award of attorney fees and that defendant was not prejudiced by plaintiff's failure to cite ORS 652.200(2).

■ Defendant next argues that the trial court did not err in declining to award attorney fees, because plaintiff's wage claim was time-barred under ORS 652.230(1)(a).[4] ORS 652.230(1)(a) applies only to wage discrimination claims under ORS 652.220 and has no application to claims under ORS 652.140.

■ Defendant also claims that plaintiff failed to preserve the record concerning his entitlement to attorney fees, because he never made an offer of proof concerning the amount of fees requested. Plaintiff argues that he was attempting to follow the procedure in ORCP 68 when the court decided that there was no entitlement to attorney fees.[5] Before entry of the judgment, the trial court issued an opinion letter stating that the request for fees was denied because the statutory basis for attorney fees was not pled. Plaintiff filed a motion for reconsideration and clarification of the court's letter and later filed a motion to amend the complaint to add the statutory basis for attorney fees. The court denied plaintiff's motion to amend the complaint.

ORCP 68C(3) provides:

"The items of attorney fees and costs and disbursements shall be submitted in the manner provided by subsection (4) of this section, without proof being offered during the trial."

---

[4] ORS 652.230(1) provides, in part:

"Any employee whose compensation is at a rate that is in violation of ORS 652.220 shall have a right of action against the employer for the recovery of:

"(a) The amount of unpaid wages to which the employee is entitled for the one year period preceding the commencement of the action * * *."

[5] Plaintiff says that his initial proposed judgment indicated that the amount of attorney fees would be established by affidavit.

ORCP 68C(4)(a) provides, in part:

"Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as part of a judgment if the party claiming them:

"(i)   Serves, in accordance with Rule 9B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, not later than 10 days after the entry of the judgment * * *."

Because the trial court erred when it denied plaintiff attorney fees, plaintiff did not have the opportunity to offer proof under ORCP 68. Accordingly, we remand to the trial court for a determination of the amount of attorney fees.

■     Plaintiff's third assignment of error is that the trial court erred in failing to award him lost wages from the date of the Locals' consolidation until the end of his term. He argues that the court determined that defendant was liable for unpaid wages after his termination. We disagree. A claim for damages based on compensation that plaintiff would have received had he completed his three-year term is a claim for breach of an employment contract. *Bruce v. S.M. Motor Co., supra,* 81 Or App at 229. Plaintiff did not plead a breach of an employment contract[6] and, therefore, the trial court did not err in failing to award damages for unearned compensation. *See State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 136, 432 P2d 512 (1967).

Plaintiff also moves for sanctions against defendant under ORAP 1.40(3). The rule adopts ORCP 17, which provides, in part:

"The signature [of an attorney on a paper filed with the court] constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law * * *."

Plaintiff argues that defendant misstated the record. We hold that the circumstances do not justify imposition of sanctions.

---

[6] The trial court did not rule on plaintiff's motion to amend his complaint to add a claim for breach of an employment contract. He does not assign error to the court's failure to rule.

Affirmed on appeal; on cross-appeal, reversed and remanded as to denial of attorney fees and otherwise affirmed; cross-appellant's motion for sanctions denied.