Argued and submitted June 7, 1993, affirmed May 4, 1994

CITY OF HILLSBORO,
a municipal corporation of the State of Oregon,
*Respondent,*

*v.*

ONE PARCEL OF REAL PROPERTY
located at 3578 N.E. Olympic St., Hillsboro, Oregon,
and all contents therein, Four Books,
One Metal Can and contents, 8 Paragon Timers,
2 PVC Irrigation Pipes, 4 Intermatic Timers,
11 Metalarc Bulbs, 2 Westinghouse Lamps,
9 Miscellaneous Extension Cords, 2 Rolls Copper Wire,
13 Miscellaneous Fans, 3 Sump Pumps, 7 Transformers
with Fixtures, 1 Sylvania Breaker Box,
10 Metal Reflectors, 22 Rolls Reflective Plastic,
Durst Enlarger, DA-Lite Screen, One Slide Projector,
7 Slide Carousals, One Box Developing Chemicals,
One Minolta Camera, 1 48 30.06 Linked Ammo,
Miscellaneous Ammunition, 4 Leather Holsters,
Miscellaneous Ammunition Clips, 1 Black Rifle Stock,
1 Black Plastic Catcher, One P-10 .380 Cal.,
One Colt 9mm, One Colt Mark IV, One Winchester 9422,
Two .22 Cal N. American, One Mark IV Colt,
One P38 Walters with clips, Miscellaneous unidentified
automatic weapons 1 through 50 including one Uzi,
*Defendants,*

*and*

Erven and Betty JACKSON,
*Appellants.*

(C9008-32CV; CA A73209)

873 P2d 1095

Jenny Cooke argued the cause and filed the brief for appellants.

Michele Burrows argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Landau, Judges.

LANDAU, J.

## LANDAU, J.

In this civil forfeiture action, claimants appeal from a judgment forfeiting real and personal property in favor of City of Hillsboro (city), after the trial court granted the city summary judgment. We affirm.

On June 3, 1990, city police officers executed a search warrant at a residence, which was owned by Vance Roberts. The officers found marijuana in various containers around the house, along with some drug-related paraphernalia. They found some marijuana in a jar in a refrigerator, some in film canisters, some in plastic bags that were buried under papers inside the wood stove, and some in a plastic bag in a filing cabinet in the bedroom. Although the amount of marijuana sent to the laboratory for examination was .99 of an ounce, when an officer was asked to approximate the aggregate amount seized, he testified that he was not certain, because it would have to be dried before it could be weighed, but he would say that it was "well over an ounce."

Officers also found small amounts of other controlled substances, such as hashish oil, cocaine and methamphetamine. They also found weapons, including pistols, rifles, shotguns and an Uzi machine gun and two photographs that depict one of the residents holding an Uzi machine gun in a marijuana grow room. In most of the rooms in the house, officers found fixtures built into the walls, floors and ceilings. Those included timers, ballasts and halide bulbs, fluorescent tubes, venting tubes and PVC tubes. They also found venting fans, several rolls of mylar reflecting material and books about how to grow marijuana. Officers testified that, based on their training and experience, they knew that the kind of equipment and fixtures they found were often used in indoor marijuana grow operations. However, none of the equipment was operating at the time, and no living plants of any kind were found in the house. The police left the house unsecured.

On July 6, 1990, Roberts was indicted for, among other things, two counts involving felony possession of a controlled substance. That same day, he executed a quitclaim deed to the house to claimants, who are his mother and his stepfather. The deed was recorded on July 12. By July 13, Roberts's mother, Betty Jackson, had moved into the residence.

On July 13, 1990, city police officers executed a second warrant at the residence. Some of the fixtures had been removed from the walls, but there were still ballasts, lamps and reflective paper attached to walls and ceilings, and three of the rooms were still connected by piping and venting materials. The officers seized all of the items thought to be related to a marijuana grow operation. In addition, they seized unspecified amounts of marijuana found in a box on a shelf in the garage and loose marijuana found on the floor of the attic, apparently there for drying. The officers also seized potting soil, charcoal, unfilled buckets and gallon jars of fertilizer. There was no gardening area on the premises.

The city filed a Notice of Intent to Forfeit the seized items and the real property on which they were found. It then filed the complaint in this action. Claimants demanded that the property be released to them, arguing that the city lacked probable cause for forfeiture, because the initial search of the premises was unlawful. The trial court found that the city had probable cause to believe that the premises were subject to forfeiture and denied claimants' motion to release the property.

Claimants then filed a verified notice of claim and an answer, alleging as an affirmative defense that they innocently acquired ownership of the real property before its seizure. The city filed a motion for summary judgment, asserting that the undisputed facts, as evidenced by affidavit and exhibit evidence, demonstrate that it was entitled to prevail on the forfeiture as a matter of law. Relying solely on their verified notice of claim, claimants argued that there were genuine issues of material facts concerning their innocent purchaser defense. While the matter was pending, claimants filed an amended answer, asserting as an additional defense that the controlled substances found at the premises were solely for personal use. Claimants, however, did not offer any evidence on that defense in opposition to the pending motion. The trial court granted the city's motion for summary judgment. It entered a judgment of forfeiture and ordered that title to the real property be transferred to the city.

■  Claimants first assign error to the order denying their request for release of the property, arguing that the trial

court erred in finding that there was probable cause to believe that the real property was subject to forfeiture.

We do not address the merits of that assignment of error, because it is moot. Oregon Laws 1989, chapter 791, section 5(5),[1] provides:

> "If property is seized for forfeiture * * * without a prior judicial determination of probable cause, a court, on application filed by an owner of or interest holder in the property * * * may, after five days' written notice to the forfeiture counsel, issue an order to show cause to the forfeiting agency, for a hearing on the sole issue of whether probable cause for forfeiture of the property then exists. If the court finds that there is no probable cause for forfeiture of the property, the property seized for forfeiture from the applicant or subjected to the notice of forfeiture shall be released from its seizure for forfeiture or lien *pending the outcome of a judicial proceeding under section 7 of this Act.*" (Emphasis supplied.)

Section 7 authorizes a forfeiting agency to bring a civil action *in rem* in any case in which forfeiture is sought, and requires the forfeiting agency to bring an action *in rem* if the property is real property. The only consequence of a section 5(5) show cause hearing is to determine whether the property must be returned to the claimant during the pendency of the *in rem* proceeding. In their answer, claimants did not allege that they suffered any damages as a consequence of being deprived of the property during the pendency of the *in rem* action. Therefore, any issues that could have been raised at the show cause hearing are now moot.

■ Claimants also assign error to the trial court's granting of the city's motion for summary judgment in the *in rem* action. We review the record, drawing all inferences in favor of the non-moving party, to determine whether the moving party has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978); *Uihlein v. Albertson's, Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978). The city argues that the affidavit and exhibits it offered in support of its motion demonstrate a

---

[1] The full text of Oregon Laws 1989, chapter 791, appears at the note preceding ORS 166.005 (1989).

*prima facie* case that the real property was subject to forfeiture, and that claimants failed to controvert any of that evidence. It also argues that claimants cannot rely on either of their affirmative defenses, because they failed to offer any evidence in support of those defenses, relying instead on their pleadings alone. Claimants do not dispute that the city established at least a *prima facie* entitlement to the property. They argue that they are nevertheless entitled to reversal of the trial court's decision to grant summary judgment, because issues of fact remain concerning each of their two affirmative defenses.

Claimants' first affirmative defense is that they took the property as innocent purchasers. Oregon Laws 1989, chapter 791, section 8, provides, in part:

"(1)    A claimant may plead as an affirmative defense that the claimant took the property or the interest which the claimant holds therein:

"(a)(A)    Before it was seized for forfeiture;

"(B)    For valuable consideration or by way of devise or intestate succession;

"(C)    In good faith and without intent to defeat the interest of any forfeiting agency; *and*

"(D)    Without knowing of or consenting to the prohibited conduct * * *." (Emphasis supplied.)

The city argues that it is entitled to judgment as a matter of law on that defense, because the face of the deed shows that the property was given to claimants without consideration. It further argues that the timing of the transfer is evidence that claimants did not take the property in good faith, and the fact that one of the claimants had moved into the property before the execution of the July 13 search warrant demonstrates that claimants did not take the property without knowledge of the marijuana growing activity that had occurred there. Claimants argue that the city is not entitled to judgment as a matter of law, because there is a genuine issue of material fact as to whether they took the property for consideration. In support of their argument, they rely on the verified notice of claim, which states, in part, that they acquired the property from Roberts "in exchange for monies advanced" to Roberts.

Even assuming that the statement in claimants' verified notice of claim creates a genuine issue of material fact as to the issue of consideration, there remains unrebutted evidence that the other elements of the affirmative defense have not been satisfied. Claimants offered neither evidence nor argument that they acquired their interest in the property "in good faith and without intent to defeat the interest of any forfeiting agency." Likewise, they offered neither evidence nor argument that they did not know of or consent to the prohibited conduct that took place on the property.

Claimants argue that, even if they did not offer evidence on all of the elements of their innocent purchaser defense, the fact that they generally alleged that the statute does not authorize the forfeiture is sufficient to defeat the city's summary judgment motion. In support of that argument, claimants rely on *U.S. v. Lots 12, 13, 14, and 15, Keeton Heights*, 869 F2d 942 (6th Cir 1989). Claimants are wrong.

To begin with, whatever may be sufficient to defeat a summary judgment under the federal rules, the fact remains that under the Oregon Rules of Civil Procedure, a bald legal conclusion is insufficient. As we said in *Chaney v. Shell Oil Co.*, 111 Or App 556, 567, 827 P2d 196, *rev den* 313 Or 299 (1992), a party opposing a motion for summary judgment must "set out specific facts to refute the moving party's showing that a material fact is conclusively established." Even if we found *U.S. v. Lots 12, 13, 14, and 15, Keeton Heights, supra*, to be persuasive, it offers no support for claimants' argument. In that case, the government filed a motion for summary judgment in an *in rem* forfeiture action, without asserting that the claimant lacked any evidentiary support for her asserted innocent purchaser defense. The court held that, when the government "has not suggested the absence of a factual issue as to the [claimant's] innocence," her statement in a verified claim that she was an innocent purchaser was sufficient to defeat the government's motion. 869 F2d at 943. In this case, the city did address claimants' innocent purchaser defense and asserted a complete absence of evidence on each of the elements of that claim. Under the circumstances, *U.S. v. Lots 12, 13, 14 and 15, Keeton Heights, supra*, is inapplicable.

■　　　　Claimants' second affirmative defense is that the controlled substances seized on the property were solely for personal use. Oregon laws 1989, chapter 791, section 8, provides, in part:

> "(2)　In any action brought against property subject to forfeiture * * * a claimant may plead as an affirmative defense that the controlled substance was solely for personal use."

The city argues that it is entitled to judgment as a matter of law on that defense, because it offered unrebutted evidence of an ongoing marijuana grow operation, including a quantity of marijuana substantially in excess of what could be considered an amount "solely for personal use." Claimants insist that there is a genuine issue of material fact as to the amount of marijuana seized. However, claimants offer no evidence in support of that argument.

　　　　The trial court did not err in granting summary judgment in favor of city.

　　　　Affirmed.