Argued and submitted February 24, affirmed April 12, 1995

LINCOLN COUNTY,
a political subdivision of
the State of Oregon, and
Lincoln Interagency Narcotics Team,
a law enforcement agency
created by interagency agreement,
*Respondents,*

*v.*

8 POUNDS OF MARIJUANA, more or less;
40 Watt Sodium Grow Light; 3 Marijuana Smoking Devices;
Glass Bottle with residue; 6 Green Duffle Bags;
3 Camouflage Jackets; 8 Camouflage Shirts;
4 Camouflage Pants; 3 Camouflage Hats;
Camouflage Headnet; Camouflage Pack; Realistic
Citizen's Band Radio, model TRC-216, serial #543328;
Phonemate Telephone Answer Machine, model 2650;
Panasonic Television, serial #AR21390017;
Panasonic Video Cassette Recorder, serial #G2SA14418;
Panasonic Video Camera, serial #I1WA10703;
7 VHS Video Tapes; Technics Rack Stereo System, with
7 speakers; Homelite SXL Chainsaw, serial #HL2540055;
1990 Toyota Pickup, VIN #JT4RN01P4L0007199, bearing
Oregon registration plate #SZE055; 1989 Chevrolet Camero,
VIN #1G1FP21E3KL172349, bearing Oregon registration
plate #PVU770; 1984 Ford Ranger Pickup,
VIN #1FTBR11S1EUC26004, bearing Oregon registration
plate #SMC064; 1981 Toyota Pickup,
VIN #JT4RN48DOB0002955,
bearing Oregon registration plate #SHX739;
1984 Kawasaki PGZ550 Motorcycle,
VIN #JKAZXFA1XEA001908,
bearing Oregon registration plate #M376493;
Portland Area Phone Book, with hand written numbers;
3″ × 5″ Spiral Notebook; Papers, Books, Receipts,
Notes, Checkbooks, Lists And Correspondence;
$13,620 in U.S. Currency; $9,000 in U.S. Currency;
$8,890 in U.S. Currency; $8,000 in U.S. Currency;
$1,400 in U.S. Currency; $1,160 in U.S. Currency;
$600 in U.S. Currency; $400 in U.S. Currency;
Smith & Wesson .44 caliber magnum model 629 handgun,
serial #BNZ9245; Marlin 30-30 rifle; Springfield

30-06 rifle; Mossberg 30-06 rifle with scope,
serial #898071; 30-06 Rifle Ammunition; Martin M44
bow with accessories, serial #12-1-15-0; Ruger 7 mm
magnum rifle, serial #72-85258; Cougar Magnum bow
with accessories, serial #45214; Fireflight bow with
accessories, serial #558316; Kershaw "Golden
Boar" Knife; and 3 Knives,
*Defendants in rem,*
*and*

Randi MORLOCK,
*Appellant.*

(93-5292; CA A84635)

893 P2d 548

James F. Callahan argued the cause and filed the brief for appellant.

Robert Bovett, Assistant County Counsel, argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant Randi Morlock appeals from a "Supplemental Judgment" denying attorney fees after a one-half interest in defendant 1981 Toyota pickup truck was released to her in an *in rem* forfeiture proceeding. Or Laws 1989, ch 791, *as amended by* Or Laws 1991, ch 934.[1] We affirm.

On November 12, 1993, as a result of surveillance of an outdoor marijuana grow operation in the Siuslaw National Forest, the police seized personal property, including the pickup at issue here. On November 23, plaintiffs began a forfeiture proceeding by filing a complaint alleging that the property was subject to forfeiture as property used, or intended for use, in the manufacture, possession or delivery of a controlled substance, in violation of ORS 475.992. On November 23, claimant filed a petition for an expedited 15-day hearing. Section 5. After a December 10 hearing, the trial court entered an order finding that the seizing agency had probable cause to seize the pickup, but that claimant had sustained her burden on her claim that she was an innocent owner. Section 8. The court's order released the pickup to claimant, under certain conditions, "pending the outcome of the civil forfeiture proceeding."

On December 20, plaintiffs served claimant with a notice that they intended to apply for an order of default unless she filed a response to the forfeiture complaint. Claimant did not do so. On January 19, 1994, the court entered an order of default against "all unknown potential claimants, and certain known potential claimants * * *." On January 27, plaintiffs filed a "Notice of Release of Defendant In Rem [pickup] to Claimant * * *," which was followed on February 11 by a "Notice of Dismissal as to Certain Defendant In Rem [the pickup]" under ORCP 54 A(1)(a). Plaintiffs stated that the second notice was to clarify the earlier notice of release, which plaintiffs had intended to operate as a dismissal as to that portion of that defendant *in rem*.

On February 16, the court entered an ORCP 67 B judgment which, *inter alia*, released an undivided one-half

---

[1] The chapters were inserted, but not codified, at the beginning of ORS chapter 166. We refer to the section numbers printed there.

interest in the pickup to claimant. Claimant then filed a motion for attorney fees, which the court denied.

■ The issue before us is whether claimant is entitled to an award of attorney fees. Section 9(6)(a) provides:

> "On entry of judgment for a claimant in any proceeding to forfeit property under chapter 791, Oregon Laws 1989, unless the court has foreclosed one or more security interests, liens or other interests covering the property, such property or interest in property shall be returned or conveyed immediately to the claimant designated by the court. The court, in the manner provided by ORCP 68,[2] shall award costs, disbursements and attorney fees to the prevailing claimants and financial institutions, to be paid by the forfeiting agency."

Claimant first argues that the issue of attorney fees was not "ripe" for determination. Her position is that, when the court acquired *in rem* jurisdiction, it also obtained personal jurisdiction over her. She contends that personal jurisdiction is envisioned by the Oregon forfeiture statutes by the requirements that a summons and complaint be delivered to each known claimant, and by the attorney fee provision of Section 9. She argues that the reference in Section 9 to the entry of judgment for a claimant "presumes that there is a statutory basis for the court to exercise personal jurisdiction over a claimant, *once she has appeared.*" (Emphasis supplied.) Thus, she contends, although the judgment here may have removed the pickup from jurisdiction, it did not dismiss her personally from the action, and, therefore, there is no final judgment with respect to her on which attorney fees could be based.[3]

---

[2] ORCP 68 C(2) provides, in part:

"(a) A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.

"(b) If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading.

"(c) A party shall not be required to allege a right to a specific amount of attorney fees. *An allegation that a party is entitled to 'reasonable attorney fees' is sufficient.*" (Emphasis supplied.)

[3] We do not agree with plaintiffs that claimant either did not preserve or waived

Assuming that claimant is correct that the court acquires personal jurisdiction over a claimant in an *in rem* forfeiture proceeding when the claimant appears, claimant did not appear here. Claimant filed a petition for an expedited hearing,[4] but that petition does not constitute an appearance under the forfeiture provisions. Section 7(2)(a) provides:

> "[A civil action *in rem* for forfeiture] is commenced by filing a complaint. Responses to a complaint shall conform to the following procedure:
>
> "(a) A person claiming an interest in the property shall respond as provided in the Oregon Rules of Civil Procedure and, if a claim has not previously been filed, by filing a claim in the form set forth in section 6 (3), chapter 791, Oregon Laws 1989, with the court and posting a bond with the court. The bond shall be a cash bond in an amount equal to 10 percent of the value of the interest claimed by the person in the property. Upon good cause shown by motion and affidavit filed with the initial appearance, the court may waive or reduce the bond. Failure to file an appearance, claim and bond shall constitute a default. The bond shall be returned to the claimant upon the entry of a final determination on the claim."

Under claimant's own argument, personal jurisdiction is predicated on a claimant's appearance in the proceeding. The court was not required to enter a judgment dismissing claimant, before it ruled on her motion for fees, when she was not a party to the proceeding.[5]

The trial court held that claimant was not entitled to fees because she had not alleged the right in a responsive pleading, as required by ORCP 68 C(2). Claimant argues that that was error. She asserts that recent caselaw shows that a

---

this claim of error. Her memorandum in support of her motion adequately preserved the issue.

[4] The only consequence of an expedited hearing is to determine whether the property must be returned to the claimant during the pendency of the *in rem* proceeding. *City of Hillsboro v. One Parcel of Real Property*, 127 Or App 711, 873 P2d 1095 (1994).

[5] Although claimant was not a party, we conclude that she may appeal the denial of her motion for fees. Section 9 of the forfeiture provisions authorizes attorney fees to "prevailing claimants," not parties. ORS 19.010(4) authorizes an appeal from special statutory proceedings, and the "Supplemental Judgment" denying an award of fees affected a substantial right of claimant. ORS 19.010(2)(c).

strict, technical reading of ORCP 68 C(2) is not required:

"It is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result." *Page and Page,* 103 Or App 431, 434, 797 P2d 408 (1990).

Plaintiffs argue that, even under the "relaxed" interpretation of the requirements of ORCP 68 C(2), claimant never pled any facts or statute that would support her claim to attorney fees because she never filed a response to the forfeiture complaint.

Under the liberal construction of pleadings, ORCP 12 A, we assume, without deciding, that a claim for fees could be asserted in a petition for an expedited hearing.[6] However, claimant did not do so. She made no allegation that she was requesting fees and did not refer to Section 9(6) in either her petition or accompanying memorandum. Nonetheless, claimant argues that she met the requirements of ORCP 68 C(2) because her petition for an expedited hearing asserts a factual basis for fees in that she made a claim of innocent ownership. However, plaintiffs were not required to intuit that claimant's affirmative defense was also an allegation for an award of attorney fees.

The first time that claimant asserted a claim for attorney fees was after judgment was entered.[7] She argues, however, that correspondence between the parties clearly shows that plaintiffs knew that she would pursue attorney fees. Plaintiffs dispute that interpretation. Irrespective of what interpretation should be given to the correspondence, an off-the-record exchange between parties does not meet the requirements of ORCP 68 C. The statute states that the right to attorney fees shall be asserted in a pleading. *Benj. Franklin*

---

[6] Plaintiffs contend that, because claimant did not file a response, she was never a claimant in the proceeding and could not be a prevailing claimant under the forfeiture act for purposes of attorney fees. Because of our resolution of the case, we need not determine that issue.

[7] *Compare Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596, *rev den* 308 Or 184 (1989) (award of fees allowed to defendant whose motion was filed after plaintiff had moved to dismiss pursuant to ORCP 54 A when defendant's motion for fees was filed before judgment was entered and plaintiff had alleged right to attorney fees under parties' contract).

*Fed. Savings and Loan v. Phillips*, 88 Or App 354, 357, 745 P2d 437 (1987). Under the circumstances here, the trial court did not err in denying claimant's motion.

Affirmed.