Argued and submitted June 2, affirmed November 25, 1998

LUMBERMEN'S,
a Washington corporation
licensed to do business in Oregon,
*Respondent,*

*v.*

DAKOTA VENTURES,
an Oregon Business Trust,
and The Rothburg Group,
*Defendants,*

*and*

Paul SIMMONS,
*Appellant.*

DAKOTA VENTURES,
a business trust,
*Cross-Claim Plaintiff,*

*v.*

Paul SIMMONS,
*Cross-Claim Defendant.*

Paul SIMMONS,
*Third-Party Plaintiff,*

*v.*

Allyn SMAALAND,
Judy Smaaland and Dakota Ventures,
*Third-Party Defendants.*

(CV 95-191; CA A96116)

971 P2d 430

Robert S. Simon argued the cause for appellant. With him on the briefs was The Robert S. Simon Law Firm.

Allyn Brown argued the cause for respondent. With him on the brief was Brown, Tarlow, Smith & Bridges, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

The issue on appeal in this breach of contract action is whether defendant was entitled to attorney fees pursuant to ORS 20.096. After plaintiff filed an ORCP 54 A(1) notice of voluntary dismissal, defendant asserted an entitlement to attorney fees and moved to amend his answer to plead the right to attorney fees. The trial court denied the request for attorney fees and defendant's motion to amend. Defendant appeals, and we affirm.

Defendant, Paul Simmons, purchased building materials from plaintiff, Lumbermen's, on credit. The credit agreement required defendant to reimburse plaintiff for attorney fees in any action to enforce the contract. Defendant used the materials on a barn remodeling job but failed to pay for the materials when payment became due. Plaintiff brought a construction lien foreclosure action against the owners of the remodeled barn[1] and joined defendant in a separate breach of contract claim for the purchase price of the materials plus interest and attorney fees as allowed under the contract. Defendant filed an answer to the breach of contract claim, counterclaiming against plaintiff for reformation of the promissory note and asserting various affirmative defenses, including payment by way of promissory note and trust deed. Defendant did not, however, plead a right to attorney fees. After obtaining leave of the court, plaintiff amended its complaint, and the amended complaint realleged entitlement to attorney fees under the contract. Defendant's answer to the amended complaint dropped the counterclaim for reformation and again failed to plead a right to attorney fees.

Almost a month after defendant answered the amended complaint, plaintiff filed a notice of voluntary dismissal pursuant to ORCP 54 A(1). Defendant filed an objection to plaintiff's notice of dismissal asserting, for the first

---

[1] Dakota Ventures, an Oregon Business Trust, contracted with defendant for the remodeling job. The Rothburg Group was the beneficiary of the trust deed on the property, and Allyn and Judy Smaaland were the trustors of Dakota Ventures. All of those parties were involved in this action below either as codefendants or third-party defendants. Nonetheless, their role in this attorney fee dispute is immaterial.

time, entitlement to attorney fees pursuant to "ORS 20.095."[2] More than five months later, defendant filed a motion to amend his answer to plaintiff's amended complaint. In the motion, defendant asserted that he only intended to make a "clerical" change to the answer to include an entitlement to attorney fees "as provided for in ORS 20.098."[3] The trial court denied defendant's motion to amend, rejected his request for attorney fees,[4] and entered a judgment of dismissal pursuant to ORCP 54 A(1). In a letter opinion, the trial court concluded that defendant had offered "no acceptable justification" for failing to allege an entitlement to attorney fees in the 10 months between the time plaintiff filed the initial complaint and defendant answered the amended complaint.

Defendant argues first that the trial court erred in denying his request for attorney fees. We review the trial court's denial of attorney fees as a question of law. ORS 20.220; *Grijalva v. Safeco Ins. Co.*, 153 Or App 144, 147, 956 P2d 995, *rev allowed* 327 Or 484 (1998). Generally, a party has no right to recover attorney fees unless a statute or contract confers such a right and entitlement to attorney fees is alleged as required by ORCP 68 C(2). *Domingo v. Anderson*, 138 Or App 521, 527, 910 P2d 402 (1996), *rev'd in part on other grounds* 325 Or 385, 938 P2d 206 (1997). Pursuant to ORCP 68 C(2),[5] a party claiming entitlement to attorney fees

---

[2] ORS 20.095 was repealed in 1965. Or Laws 1965, ch 611, § 18. Defendant apparently meant to cite to ORS 20.096(1), the reciprocal statute, which provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

[3] The motion and the draft amended answer repeatedly refer to ORS 20.098 as the source of entitlement to attorney fees. During oral argument on the motion, however, defendant's counsel informed the court that he meant to cite ORS 20.096. *See* n 2.

[4] At some point, defendant apparently submitted a document entitled "ORCP 68(C) Notice of Attorneys [*sic*] Fees Entitlement." Defendant includes a copy of that notice in the appendix of his brief. Although the trial court referred to a notice of attorney fees during oral argument on the motion to amend defendant's answer, that document is not included in the trial court file and is not part of the record on appeal. Nonetheless, were it part of the record, it would not change our conclusion that defendant's request was untimely.

[5] ORCP 68 C(2) provides, in part:

"C(2)(a) * * * A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a *pleading* filed by

must allege the facts, statute, or rule that provides a basis for the fees in "a *pleading* filed by that party." (Emphasis added.) "No attorney fees shall be awarded" if a party fails to comply with that pleading requirement. ORCP 68 C(2)(a).

 Although on its face ORCP 68 C is stringent, its mandate is tempered by ORCP 12 B, which directs the court to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." *See Attaway, Inc. v. Saffer*, 95 Or App 481, 486, 770 P2d 596, *rev dismissed* 308 Or 184 (1989). ORCP 12 B does not, however, require the trial court to overlook *all* defects. It does not, in particular, excuse a party from failing to provide an adverse party with adequate notice. *See CIT Group v. Kendall*, 151 Or App 231, 234-35, 948 P2d 332 (1997) (ORCP 12 B does not excuse failure to serve an adverse party as required by ORCP 68 C(4)); *McNeely v. Hiatt*, 138 Or App 434, 443, 909 P2d 191, *on recons* 142 Or App 522, 920 P2d 1150, *rev den* 324 Or 394 (1996) (award of attorney fees improper where party failed to provide any notice of intent to seek attorney fees). Thus, we look to whether plaintiff was fairly alerted to the fact that attorney fees would be sought and whether the defect in the pleading prejudiced plaintiff. *Heidtke v. Int'l Brotherhood of Boilermakers*, 104 Or App 473, 477, 801 P2d 899 (1990); *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990).

In this case, defendant did not allege entitlement to attorney fees in either of his responsive pleadings. Below, plaintiff argued to the trial court that it had relied on the absence of any claim for attorney fees in the assessment of whether to dismiss the case voluntarily and that defendant's late assertion of the claim was therefore prejudicial to plaintiff. Specifically, plaintiff pointed out below that when it chose voluntarily to dismiss the action, the underlying debt had been paid by defendant's surety and only plaintiff's claim

---

that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.

"C(2)(b) If a party does not file a *pleading* and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such *motion*, in similar form to the allegations required in a pleading."

(Emphasis added.)

for attorney fees remained to be litigated. At that time, defendant had alleged no counterclaim and had made no request for attorney fees. Plaintiff decided that it would not be cost-effective to pursue its remaining claim for attorney fees and decided voluntarily to dismiss the case. Plaintiff therefore argued to the court:

> "If for some reason the Court feels that they are now entitled to assert a claim for attorney's fees, [plaintiff] would want to reopen the whole issue as to whether or not [it] would have prevailed on the claim that [it] dismissed because factually [plaintiff] is quite confident it would have prevailed."

In other words, when plaintiff abandoned its own claim for attorney fees for economic reasons, it did not believe it would have any exposure to defendant, because defendant could have, but had not, asserted a claim for attorney fees. If the trial court were to alter the set of assumptions on which plaintiff relied by permitting defendant to assert a claim for attorney fees at that late stage, then in fairness, plaintiff should be entitled to withdraw its dismissal and pursue its entitlement to attorney fees as well. The trial court agreed, concluding that "[a]t the time plaintiff filed its Notice of Dismissal, it was entitled to rely on the pleadings previously filed by defendant" and that allowing defendant the opportunity to amend the pleadings at that point "would likely necessitate permitting plaintiff to withdraw its Notice of Dismissal." In effect, the trial court found that plaintiff had reasonably relied on defendant's failure to plead attorney fees and that plaintiff was prejudiced by defendant's failure.

The fact that defendant failed to assert any claim whatsoever for attorney fees in his prior pleadings, and the fact that plaintiff reasonably relied on that failure, distinguishes this case from the several cases in which we have concluded that technical noncompliance with ORCP 68 C is not fatal. This is not a case, for instance, in which defendant's pleading sought attorney fees but merely failed to cite the specific statutory or contractual provision for the entitlement. *See, e.g., Mitchell v. Pacific First Bank*, 130 Or App 65, 77-78, 880 P2d 490 (1994) (alleged right to attorney fees and factual basis); *McCulloch and McCulloch*, 99 Or App 249,

251, 781 P2d 1240 (1989) (same). Here, defendant did nothing to put plaintiff on notice of his *intent* to seek fees. *Cf. Lincoln County v. 8 Pounds of Marijuana,* 133 Or App 654, 660, 893 P2d 548 (1995) (claimant not entitled to attorney fees where she asserted a claim for the first time after judgment was entered).

Nor is this a case in which the trial court dismissed the action before defendant could plead a right to attorney fees. To the contrary, defendant in fact filed two pleadings (an original answer and an answer to plaintiff's amended complaint) in which a claim for attorney fees could have been raised and was not. He offered the trial court no excuse for not having asserted his claim in those pleadings. Thus, this case is distinguishable from *Attaway,* where the trial court dismissed the case before the defendant had an opportunity to file a first responsive pleading. 95 Or App at 484-86.[6] Similarly, this case differs meaningfully from *Horn v. Lieuallen Land and Livestock Corp.,* 69 Or App 285, 287-88, 684 P2d 1246, *rev den* 297 Or 824 (1984), where the defendant filed a motion to dismiss followed by a motion for entry of judgment that included a claim for attorney fees *instead* of filing an answer. We concluded there that if no responsive pleading is filed, ORCP 68 C(2)(b) permits the right to attorney fees to be asserted in *either* a motion for judgment *or* a motion for dismissal; therefore, the defendant in *Horn* had complied with ORCP 68 C. *Id.* at 288. Finally, this case is also unlike *Domingo,* where the defendant had pleaded a right to attorney fees in his original answer before the plaintiffs amended their complaint but then filed a motion for summary judgment in response to the plaintiffs' amended complaint. After

---

[6] In *Attaway,* the defendant failed to assert a right to attorney fees under the contract. Instead, the defendant asserted only a general right to fees without citation to the source of the right and further claimed attorney fees as a sanction under ORS 20.105. *Attaway,* 95 Or App 484-85. We found it inconsequential that defendant's claim was "not as clear as it might have been with respect to the source of the right to attorney fees." *Id.* at 486. Seemingly at odds with that approach, we more recently concluded that a plaintiff was not entitled to attorney fees where the claim was asserted timely in the pleadings but without any identification of the source for such award. *Stein v. Burt & Vetterlein, P.C.,* 150 Or App 484, 488, 946 P2d 1168 (1997), *rev den* 327 Or 123 (1998). We do not attempt to resolve the tension between those approaches in this case or determine the effect of defendant's repeatedly wrong citation to the statutory source of his attorney fee right, because we conclude that the trial court's denial of fees on timeliness grounds was proper.

the trial court granted summary judgment, the defendant filed an answer to the amended complaint seeking attorney fees. We concluded that the defendant's original answer had adequately alerted the plaintiffs that he would be seeking attorney fees. *Domingo*, 138 Or App at 527.

The common thread running through *Horn, Attaway*, and *Domingo* is the fact that the defendants in all three cases sought attorney fees at the *first appropriate opportunity*. In contrast, defendant here had several earlier opportunities to allege a right to attorney fees but failed to plead that entitlement in either the original answer or the answer to plaintiff's amended complaint. To be sure, plaintiff here, like the plaintiffs in *Attaway, Horn,* and *Domingo*, most likely knew of defendant's reciprocal right to attorney fees under ORS 20.096(1). *See Attaway*, 95 Or App at 484; *Horn*, 69 Or App at 288; *Domingo*, 138 Or App at 527. But plaintiff had no reason to believe that defendant was going to *assert* that right. Defendant did not even allude to attorney fees in any of his earlier pleadings. Plaintiff assumed that the omission meant that defendant did not intend to seek attorney fees and factored that omission into its decision voluntarily to dismiss the case. Therefore, ORCP 12 B does not excuse defendant's defective assertion of attorney fees, because the noncompliance with the requirements of ORCP 68 C affected plaintiff's substantial right to notice of the attorney fees claim.[7]

■ Without further comment, we also hold that the trial court did not abuse its discretion in denying defendant's motion to amend his answer to plead entitlement to attorney fees.

Affirmed.

---

[7] We note that even if we were to conclude that the trial court erred in denying defendant's claim for entitlement to attorney fees and the motion to amend the answer, the remedy would not be to reverse with instructions to award attorney fees to defendant, as defendant requests. We would, instead, remand so that the trial court could permit plaintiff to withdraw the voluntary dismissal and to adjudicate who, as between plaintiff and defendant, in fact would qualify as the prevailing party.