Argued and submitted May 8, reversed and remanded in part; otherwise affirmed
September 10, 2003

## OAKLEAF MOBILE HOME PARK,
*Respondent,*

*v.*

## Anthony MANCILLA,
*Appellant,*

*and*

## Heidi MANCILLA
and Haelie Sammons,
*Defendants.*

## FED-02-01-059; A118023

75 P3d 908

Philip Yates argued the cause for appellant. With him on the brief was Yates & Yates.

Charles M. Greeff argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant Anthony Mancilla appeals the trial court's refusal to award costs and attorney fees under ORS 90.255. He argues that, because plaintiff voluntarily dismissed its forcible entry and detainer (FED) action against him, he is the prevailing party and is entitled to costs and attorney fees. We reverse and remand.

On December 24, 2001, plaintiff served defendants[1] with a 24-hour eviction notice. On January 3, 2002, plaintiff filed a residential eviction complaint with the trial court. The complaint asserted that plaintiff was entitled to possession of the property under ORS 90.400(3).[2] Shortly after filing the complaint, plaintiff served defendants with a summons. The summons ordered defendants to appear before the trial court on January 14 and informed them that, if they wanted a trial, they were required to file an answer at the January 14 appearance.

On January 10, 2002, defendant retained an attorney. On that same day, Mancilla's attorney contacted plaintiff's attorney to arrange for depositions before filing the answer at the January 14 appearance. On January 11, plaintiff filed a notice of dismissal without prejudice under ORCP 54 A. Plaintiff mailed a copy of the notice to defendant's attorney on the same day. Both parties appeared before the trial court on January 14. At the appearance, defendant filed an answer that asserted a right to costs and attorney fees under ORS 90.255. At the appearance, a dispute arose between the parties as to whether it was necessary for defendant to submit his answer asserting a right to costs and attorney fees before plaintiff filed its notice of dismissal. After hearing the parties' arguments, the trial court deferred a decision until the parties submitted briefs on the issue. On January 22, 2002, defendant filed a petition for costs and attorney fees under ORCP 68. The court denied defendant's request based on its conclusion that he was ineligible for attorney fees

---

[1] The complaint named other residents as defendants but only Mancilla filed a notice of appeal.

[2] ORS 90.400 is part of the Residential Landlord and Tenant Act (RLTA). *See* ORS 90.105.

because plaintiff had voluntarily dismissed the action before defendant filed his answer.

Defendant appeals the trial court's denial of costs and attorney fees. He argues that the trial court erred in denying costs and fees because he timely filed his answer at the January 14 appearance. Plaintiff counters that, under ORCP 68 C, defendant cannot recover attorney fees unless he filed a pleading or motion asserting a right to attorney fees before plaintiff filed the motion to dismiss. Plaintiff also asserts that defendant cannot recover costs because he submitted the cost bill before final judgment and that he is ineligible for an enhanced prevailing party fee.

We first address defendant's argument that the trial court erred in denying his request for attorney fees. Generally, we review a trial court's decision regarding attorney fees under ORS 90.255 for abuse of discretion. *Stocker v. Keith*, 178 Or App 544, 547, 38 P3d 283 (2002). However, in this case, the court based its denial on the conclusion that defendant had no right to attorney fees because he failed to submit a timely pleading. When a trial court bases its denial of attorney fees on a conclusion of law, we review for errors of law. *Id.*

ORS 90.255 provides:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

Because plaintiff voluntarily dismissed the complaint and judgment was entered by the trial court dismissing the action against defendant, defendant is the prevailing party under ORS 90.255. However, in addition to being a prevailing party, defendant must comply with the procedural requirements under ORCP 68 C in order to be eligible for attorney fees. Under ORCP 68 C(2)(a),

"[a] party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be

sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

While defendant did file a pleading asserting a statutory right to attorney fees, the pleading was filed after plaintiff filed a notice of dismissal. We must therefore determine whether defendant's answer was timely filed for the purpose of ORCP 68 C(2)(a).

■ In *Attaway, Inc. v. Saffer*, 95 Or App 481, 770 P2d 596, *rev dismissed*, 308 Or 184 (1989), the defendant successfully moved to change venue in the case before the plaintiff filed a voluntary dismissal of the complaint. After the notice of dismissal was filed, the defendant filed a motion for attorney fees.[3] We held that, although the defendant did not file the motion until after the plaintiff filed the notice of voluntary dismissal, the delay "was not fatal" because the defendant had no opportunity to file a responsive pleading before the plaintiff filed the notice of dismissal. *Id.* at 484. We further addressed the issue in *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 971 P2d 430 (1998). In *Lumbermen's,* the defendant failed to assert a right to attorney fees in any of its pleadings. In analyzing the pleading requirements under ORCP 68 C, we looked at several cases, including *Attaway, Inc.* We determined that, in order to meet the requirements of ORCP 68 C, a party should allege a right to attorney fees "at the *first appropriate opportunity*." *Lumbermen's*, 157 Or App at 378 (emphasis in original). Under both *Attaway* and *Lumbermen's*, a party may allege a right to attorney fees, even after a notice of voluntary dismissal has been filed, as long as the party did not have an appropriate opportunity to assert the right before the notice was filed.

■ Plaintiff does not challenge our decisions in *Attaway* or *Lumbermen's*, but instead asserts that those cases do not control because defendant had an opportunity to notify plaintiff of its decision to seek attorney fees when defendant's attorney contacted plaintiff's attorney on January 11. We disagree. Under the statutory summons form in ORS 105.113, defendant was required to file his answer when he appeared

---

[3] A party can assert a right to attorney fees in a motion for dismissal if the party does not file a pleading. ORCP 68 C(2)(b).

on January 14. The text of the statute clearly states that the first court appearance was the appropriate time for defendant to file his answer. Plaintiff's assertion that defendant could have notified plaintiff orally is unavailing, because we have held that oral notification does not satisfy the requirements of ORCP 68 C. *Lincoln County v. 8 Pounds of Marijuana*, 133 Or App 654, 660-61, 893 P2d 548 (1995) ("an off-the-record exchange between parties does not meet the requirements of ORCP 68 C"). Therefore, for FED actions that must comply with the summons requirements in ORS 105.113, the first appropriate opportunity for a defendant to allege a right to attorney fees is the first appearance before the trial court. Because defendant filed his answer at the January 14 appearance, he complied with ORCP 68 C. The trial court should not have denied defendant's request for attorney fees on the ground that he failed to comply with ORCP 68 C.

■    We remand for reconsideration the trial court's decision to deny attorney fees. In remanding, we note that, under ORS 90.255, attorney fees are generally awarded to the prevailing party " 'barring unusual circumstances which might arise in any particular case.' " *Stocker*, 178 Or App at 550 (quoting *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976)). The trial court, on remand, must determine whether defendant is entitled to attorney fees under *Executive Mgt. Corp.* and *Stocker*.

Having determined that defendant timely filed his request for attorney fees and costs, we turn next to the trial court's denial of defendant's request for costs, including prevailing party fees.[4] Under ORCP 54 A(3), a prevailing party may be awarded costs if a plaintiff voluntarily dismisses a complaint. In addition, ORCP 68 B provides that,

> "[i]n any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs."

---

[4] Under ORS 20.190, a party in a civil action that is entitled to recover costs may be entitled to recover prevailing party fees.

Because the trial court entered judgment in defendant's favor, he is the prevailing party under ORS 90.255 and is eligible to receive costs. *See Stocker*, 178 Or App at 550. We therefore reverse the trial court denial of costs and prevailing party fees and remand to the trial court for reconsideration.[5]

■        Plaintiff asserts that, even if defendant is the prevailing party, he is not entitled to costs and fees because he filed his cost bill before final judgment was entered. Under ORCP 68 C(4), a party seeking costs and attorney fees must file a detailed statement of costs and attorney fees no later than 14 days after entry of judgment. Plaintiff interprets this to mean that defendant could not file his cost bill until after judgment was entered. We have determined that filing a bill for costs and attorney fees before final judgment is entered does not prejudice the opposing party, if the amount of costs and fees requested remains unchanged following submission of the statement. *Gier's Liquor v. Assn. of Unit Owners*, 124 Or App 365, 371, 862 P2d 560 (1993). Additionally, in *Way v. Prosch*, 163 Or App 437, 442, 988 P2d 422 (1999), we held that the phrase "no later than" did not prohibit the filing of a motion for a new trial before the entry of a final judgment and did not render the motion a nullity. Likewise, the filing of a cost bill before the entry of a final judgment does not render the cost bill a nullity.

■■        Finally, plaintiff argues that, even if the cost issue is remanded, defendant is ineligible for an enhanced prevailing party fee. ORS 20.190(3) provides:

> "In addition to the amounts provided for in subsection (2) of this section, in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee."

Plaintiff reasons that, because it did not allege a claim seeking money or damages defendant is not eligible for an enhanced prevailing party fee. We agree.

---

[5] Unlike requests for attorney fees, ORCP 68 does not require that a right to costs be alleged in a pleading.

Although ORS 20.190(3) requires that a claim seek recovery of money or that damages be sought, the word "damages" is not defined in the statute. Taking the term in context with the entire statute, it is clear that the legislature intended the term "damages" to be used in ORS 20.190(3) as a legal term of art. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (first step of inquiry into legislative intent of statute involves examining statute text and context). As a legal term of art, "damages" refers to "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury." *Black's Law Dictionary* 393 (7th ed 1999). The term "damages" refers to various theories of monetary recovery and does not encompass nonmonetary remedies such as the recovery of possession of real property. In this case, because plaintiff only sought recovery of possession, it did not seek damages for the purpose of ORS 20.190(3). Because no money award or damages were requested in this case, defendant is ineligible for an enhanced prevailing party fee under ORS 20.190(3).

Judgment denying defendant Anthony Mancilla's costs and attorney fees reversed and remanded; otherwise affirmed.