Argued and submitted July 7, 2004, affirmed on appeal; reversed and remanded on cross-appeal March 16, 2005

Charles WIPER, III,
*Appellant - Cross-Respondent,*

*v.*

Gregg R. FAWKES,
R. Roger Watson, James Richard Kerr,
and Max-Viz, Inc.,
an Oregon corporation,
*Respondents - Cross-Appellants.*

16-02-04255; A120407

109 P3d 798

Rohn M. Roberts argued the cause for appellant - cross-respondent. With him on the briefs were Connie L. Speck and Arnold Gallagher Saydack Percell Robert & Potter, P.C.

Kevin P. O'Connell argued the cause for respondents - cross-appellants. With him on the briefs was Hagen O'Connell LLP.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment for defendants, assigning error to the trial court's conclusion that a tender of a corporate check was a valid tender of money under plaintiff's contract with defendants. Plaintiff argues that the check was not a valid tender because the contract required payment to be made in lawful money or tender of the United States. Defendants cross-appeal the trial court's denial of their request for attorney fees. We affirm on appeal and reverse on cross-appeal.

We state the relevant facts. Defendant Max-Viz, Inc. (Max-Viz) needed a short-term loan, and plaintiff agreed to lend it money. Defendants Fawkes, Watson, and Kerr were stockholders in Max-Viz and agreed to act as guarantors of the loan. Under the parties' contract, plaintiff agreed to lend Max-Viz $120,000, and Max-Viz agreed to repay the loan at eight percent interest. The contract provided that, at plaintiff's option, the outstanding debt and interest could be converted into shares of Max-Viz stock if plaintiff requested the conversion before Max-Viz repaid the loan. It also provided that repayment of the loan was to be made "in lawful money of the United States of America" and "in lawful tender of the United States."

Max-Viz gave plaintiff a corporate check for the full amount of the debt. Plaintiff refused to accept the check and sought to exercise his option to convert the debt into stock. He asserted that the check was not the form of payment that the contract required, but he did not claim that the account on which the Max-Viz check was drawn lacked the funds to pay the check. Plaintiff subsequently filed an action that sought a declaration that the delivery of the check did not constitute a tender of payment under the contract and that defendants were therefore bound by plaintiff's subsequent attempt to exercise his option to convert the debt into stock. Both plaintiff and defendants moved for summary judgment. Defendants also sought an award of attorney fees. The trial court denied plaintiff's motion, granted defendants' motion, denied defendants' request for attorney fees, and entered judgment for defendants.

Plaintiff appeals. He argues that the parties' agreement required Max-Viz to tender payment in cash or its equivalent and that a corporate check is not equivalent to cash. He also argues that, regardless of whether the check was cash or its equivalent, he was free to reject the check in the absence of an express or implied agreement between the parties that a corporate check would be accepted as payment.

Defendants respond that Max-Viz's tender of a corporate check for the amount owed plaintiff was a valid tender because it complied with the unambiguous terms of the contract. Defendants also contend that, even if plaintiff were free to reject the check, by operation of ORS 81.010, plaintiff's rejection of the check meant that, as a matter of law, the tender of the check was equivalent to the tender of money. Hence, the court properly granted summary judgment in their favor on the declaration that plaintiff sought in the action. Defendants also assign error to the trial court's denial of their request for attorney fees.

There are no disputed issues of fact. We review the trial court's grant of summary judgment for legal error. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

We first consider whether defendants are correct that, by operation of ORS 81.010, Max-Viz's tender of a corporate check was a valid tender of money under the parties' contract. That statute provides that "[a]n offer in writing to pay a particular sum of money * * * is, if not accepted, equivalent to the actual production and tender of the money[.]" That statute has been interpreted by the Supreme Court:

" '[ORS 81.010] is a statute for convenience. It is a hardship to require a party who wants to pay off a debt or discharge an obligation, and the amount is large, to make an actual offer of it, and the legislature has substituted another mode[.]' "

*Bembridge v. Miller*, 235 Or 396, 403-04, 385 P2d 172 (1963) (quoting *Holladay v. Holladay*, 13 Or 523, 536-37, 11 P 260 (1886)).

Again, plaintiff does not contend that Max-Viz lacked sufficient funds in the account on which the check was

drawn to pay plaintiff the amount of the check or that Max-Viz cannot now pay it. Rather, he contends that, under their contract, Max-Viz's check did not constitute a valid tender of payment. However, a check is a written offer to pay the amount stated. Indeed, a check is a written promise that, if it is negotiated, the amount stated will be paid. Therefore, by operation of ORS 81.010, a tendered check, if refused, is equivalent to what plaintiff argues the contract required—the tender of lawful money. Because that is so, and because plaintiff did not dispute that Max-Viz had sufficient funds to pay the check, we conclude that Max-Viz's tender of the check was a valid tender under the contract. *Bembridge*, 235 Or at 404-06. We therefore reject plaintiff's contrary contention.

We also reject plaintiff's second argument that he was not obligated to accept Max-Viz's check as *payment*. That argument has no bearing on whether the check was a valid *tender* of the required payment that foreclosed plaintiff from exercising his right to convert his Max-Viz debt into stock.

We turn to the issue of defendants' attorney fees. We review the trial court's denial of attorney fees for legal error. ORS 20.220; *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 374, 971 P2d 430 (1998). Defendants contend that the trial court erred in denying their request for attorney fees because they prevailed on a claim under a contract that contains an attorney fee provision and they fulfilled the requirements imposed by ORCP 68 for such an award. Plaintiff responds that defendants are not entitled to attorney fees under the contract and that they failed to file a timely ORCP 68 request for fees.

"Generally, a party has no right to recover attorney fees unless a statute or contract confers such a right and entitlement to attorney fees is alleged as required by ORCP 68 C(2)." *Lumbermen's*, 157 Or App at 374. In their answer, affirmative defenses, and counterclaim for attorney fees, defendants identified the parties' contract and ORS 20.096 as the source of their right to attorney fees. The contract provides that, "[u]pon the occurrence of an Event of Default, [defendants] shall pay all reasonable costs and expenses incurred by [plaintiff] in enforcing [his] rights under this

Note, including, without limitation, costs of collection and attorney fees." ORS 20.096(1) provides that,

> "[i]n any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

Thus, if defendants prevailed on a claim involving an event of default under the parties' contract, they have a right to recover attorney fees on the claim. Plaintiff argues that his claim for declaratory relief does not allege an event of default under the parties' contract, and therefore defendants cannot recover attorney fees. Plaintiff is wrong. The parties' contract defines an event of default as including the failure to perform any obligation imposed by the contract. Plaintiff alleged and sought a declaration that Max-Viz had failed to deliver the stock to plaintiff that the contract required it to deliver. That alleges an event of default under the contract. ORS 20.096 applies, in turn, to make the right to recover fees under the contract reciprocal. Hence, if defendants satisfied the requirements of ORCP 68 for an award of fees, they are entitled to recover their fees. *See, e.g., Benchmark Northwest, Inc. v. Sambhi,* 191 Or App 520, 522-23, 83 P3d 348 (2004).

Plaintiff argues that defendants did not timely assert a right to recover attorney fees. According to plaintiff, ORCP 68 C(2) requires a party to assert a right to recover attorney fees at the first appropriate opportunity. If a party fails to do that, the party cannot recover fees. Here, defendants filed an ORCP 21 motion to dismiss the action that did not assert a right to recover fees. They thereafter filed an answer and counterclaims that did assert such a right. Relying on ORCP 68 C(2)(b), plaintiff contends that the motion to dismiss constituted the first appropriate opportunity for defendants to have asserted a right to recover fees. Because they did not assert such a right in the motion, they cannot recover fees. We disagree. Neither ORCP 68 C(2) nor our cases establish that a party must assert a right to recover attorney fees at

the first appropriate opportunity in order to be entitled to recover fees.

As relevant, ORCP 68 C(2) provides:

"(a)  A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.

"(b)  If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading."

Here, defendants filed a pleading that formed the basis for the judgment that the court entered and that contained an appropriate assertion of a right to recover attorney fees. They therefore satisfied the requirement imposed by ORCP 68 C(2)(a). Because they filed a pleading that was in effect when the court entered judgment, ORCP 68C(2)(b) does not apply, so their failure to assert a right to fees in their motion to dismiss does not affect their right to recover fees. Our conclusion on those points is consistent with our cases.

A number of our cases have addressed the issue of attorney fees under circumstances in which the party seeking fees *failed* to satisfy the pleading requirement for fees in ORCP 68 C(2). *Lumbermen's* is exemplary. There, the plaintiff filed an action to recover amounts allegedly due from the defendant for building materials that the plaintiff had sold to the defendant. The plaintiff asserted in its complaint a right to recover attorney fees. The defendant filed an answer and an amended answer, both of which included counterclaims. However, he did not assert in either pleading a right to recover attorney fees in the action. The plaintiff thereafter filed a motion to dismiss the action under ORCP 54 A. The defendant filed an objection to the motion, asserting for the first time a right to recover fees. He later moved to amend his answer to add an attorney fee claim. The trial court denied the motion to amend, overruled the objection to the plaintiff's

motion to dismiss, and entered a judgment that did not award attorney fees to the defendant.

The defendant appealed the judgment, arguing that the court had erred in denying him an award of attorney fees. We affirmed. We concluded that the defendant had not pleaded a right to recover attorney fees in the manner required by ORCP 68 C(2). Although we acknowledged that a failure to comply with ORCP 68 C(2) does not necessarily foreclose a party's right to recover fees, we distinguished the defendant's case from others in which fees had been awarded. We explained that the other cases fell under ORCP 12 B, which directs courts to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." 157 Or App at 375. We explained, in turn, that ORCP 12 B does not permit a court to disregard that failure if the adverse party did not receive adequate notice of the attorney fee claim and was prejudiced thereby. *Id.* Applying that standard, we concluded that the defendant's failure to assert a claim for attorney fees in his answer and amended answer and his belated assertion of such a claim *after* the plaintiff had moved to dismiss the action constituted inadequate notice of the attorney fee claim that had prejudiced the plaintiff.

*Oakleaf Mobile Home Park v. Mancilla,* 189 Or App 458, 75 P3d 908 (2003), *rev den,* 336 Or 376 (2004), is consistent with *Lumbermen's.* There, the plaintiff served and filed a dismissal notice in an FED action before the defendant had appeared in the action. At the time set for the defendant's appearance, the defendant appeared and filed an answer that included an attorney fee claim. The plaintiff thereafter opposed an award of attorney fees to the defendant, arguing that the defendant's assertion of an attorney fee claim in his answer was untimely because it came after the plaintiff had filed its dismissal notice. According to the plaintiff, *Lumbermen's* held that a party had to assert an attorney fee claim at the first appropriate opportunity, and the first appropriate opportunity for the defendant to have done that in the case was in a telephone conversation that the attorneys for the parties had had before they appeared in court. We rejected that argument, noting that oral notice of an attorney fee claim does not comply with ORCP 68 C, so an

oral conversation between attorneys would not be an appropriate way to assert such a claim. We held that the answer filed by the defendant at the first scheduled appearance in the case complied with ORCP 68 C(2) even though the plaintiff had filed its dismissal notice before the defendant filed his answer. In other words, we held that the dismissal notice did not operate to prevent the defendant from complying with ORCP 68 C(2) by filing a pleading that contained an attorney fee claim. That principle has no bearing here.

Here, as noted, defendants filed a claim for attorney fees that complied with ORCP 68 C(2) by including it in the answer and counterclaims on which the court entered judgment in the case. They therefore satisfied the pleading requirements imposed by that rule.

■ Having concluded that defendants are entitled to recover attorney fees under their contract and ORS 20.096 and that they complied with the requirements of ORCP 68 C(2), we conclude that the trial court erred in refusing to award attorney fees to them. We note that, because the trial court refused to award attorney fees, defendants were not required to serve and file a detailed statement of attorney fees in order to preserve their objection to the denial of such an award. *See Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 22, 929 P2d 331 (1996), *rev den*, 325 Or 80 (1997).

Affirmed on appeal; reversed and remanded on cross-appeal.