***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 9, affirmed April 5, 2023

Curtis HART,
*Plaintiff-Appellant,*

*v.*

Jaquelynn BROWN,
aka Jackie Brown,
*Defendant-Respondent.*

Jefferson County Circuit Court
20CV07899; A177371

Daina A. Vitolins, Judge.

Steven E. Benson argued the cause and filed the briefs for appellant.

Keightley F. Wilkins argued the cause for respondent. Also on the brief were Jennifer A. Street and Glascock Street Waxler LLP.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiff appeals an order requiring entry of a satisfaction of general judgment and money award, assigning error to the trial court's "granting of defendant's motion to satisfy [the] money award." We affirm.

We reject plaintiff's argument that a check sent to plaintiff's counsel in satisfaction of the judgment was not tender because under the "common law of tender" tender has to be made in the form of the "coin of the realm." *See* ORS 81.010 ("An offer in writing to pay a particular sum of money or to deliver a written instrument or specific personal property is, if not accepted, equivalent to the actual production and tender of the money, instrument or property."); *Wiper v. Fawkes*, 198 Or App 331, 335, 109 P3d 798 (2005) (noting "a check is a written offer to pay the amount stated" and "by operation of ORS 81.010, a tendered check, if refused, is * * * the tender of lawful money"); *see also Malan v. Tipton*, 349 Or 638, 646, 247 P3d 1223 (2011) ("In enacting ORS 81.010, the legislature intended to modify one significant aspect of the common law of tender—that is, that the money, the coin of the realm, actually be produced for acceptance.").

Nor are we persuaded by plaintiff's argument that the trial court erred in entering the judgment because the check tendered by defendant did not include interest. It is undisputed that, even if interest had been included, plaintiff would have refused to accept it as payment, thus necessitating the filing of the motion, although the plaintiff retained the check. ORS 18.235(1) ("A judgment debtor * * * may move the court for an order declaring that a money award has been satisfied or for a determination of the amount necessary to satisfy the money award, when the person making the motion cannot otherwise obtain a satisfaction document from a judgment creditor."). We conclude that the trial court did not err.

Affirmed.